Date signed July 20, 2012



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MARYLAND
# Greenbelt Division

```
----------------------------------------------------------------
                                         *
In re:                                   *
                                         *
SHAWN M. McBRIDE            .            *    Case No. 10-28445-PM
DANA McBRIDE                             *    Chapter 7
                                         *
                     Debtors             *
---------------------------------------------------------------*
                                         *
W. CLARKSON McDOW, JR.,                  *    Adversary Proceeding
UNITED STATES TRUSTEE                    *    No. 11-00775
                                         *
                     Plaintiff           *
        v.                               *
                                         *
SHAWN M. McBRIDE            .            *
DANA McBRIDE                             *
                                         *
                     Defendants          *
----------------------------------------------------------------
```

### MEMORANDUM OF DECISION ON
### UNITED STATES TRUSTEE'S MOTION FOR SUMMARY JUDGMENT

  Before the court is the United States Trustee's Motion For Summary Judgment as to Count II of his Complaint (the "Motion"). Defendants filed a Response opposing the Motion and adding a "Counter Request for Summary Judgment on Count II" (the "Cross-Motion"). The court heard the arguments of counsel on July 11, 2012. After consideration of the Motion, Defendants' Response and Cross-Motion, and the parties' oral arguments, the court hereby renders the following decision.

BACKGROUND

  Debtors commenced their case by filing a Chapter 11 petition on August 12, 2010. On the same day, they filed a "Motion of the Debtor In Possession For An Order Authorizing The Continued Use of the Debtor's Existing Checks, and Bank Accounts," requesting a waiver of the

Ver. 12.09

provisions of the United States Trustee's Operating Guidelines and Reporting Requirements ("OGRR") requiring that prepetition accounts be closed and that all postpetition financial transactions be conducted through a debtor in possession ("DIP") account, and also requesting authorization to continue using their prepetition checks and accounts at SunTrust Bank (the "Cash Management Motion"). The United States Trustee filed an Objection to the Cash Management Motion, asserting that Debtors had not demonstrated any basis for waiving the subject requirements. On August 31, 2010, the court's order denying the Cash Management Motion was entered (the "Order"), stating,

> Upon consideration of the Motion for an Order Authorizing Continued Use of Existing Checks and Bank Accounts (the "Motion") filed by the Debtors, the opposition thereto filed by the United States Trustee, no hearing being necessary, it is, by the United States Bankruptcy Court for the District of Maryland,
> ORDERED that the Motion is DENIED.

On March 11, 2011, seven months into the case, and after filing a total of five monthly operating reports to which Debtors consistently attached non-DIP account statements, Debtors filed a motion to convert their Chapter 11 case to a case under Chapter 7, citing insufficiency of income with which to fund a plan and inability to modify the mortgage on their primary residence. This motion was granted by order entered March 14, 2011. The United States Trustee commenced this adversary proceeding on September 23, 2011. The Complaint contains two counts: Count I, entitled "Objection To Discharge 11 U.S.C. §727(a)(4)(A) (False Oath)," and Count II, entitled "Objection To Discharge 11 U.S.C. §727(a)(6) (Failure to Abide by Court Order)."

DISCUSSION

In Count II of the Complaint, Plaintiff alleges that Defendants failed to comply with the August 31, 2010 Order quoted above, and that as a result they are not entitled to a discharge pursuant to 11 U.S.C. §727(a)(6). That section provides,

> (a) The court shall grant the debtor a discharge, unless -
> . . .
>   (6) the debtor has refused, in the case -
>     (A) to obey any lawful order of the court, other than an order to respond to a material question or to testify; . . . .

The parties agree that the precedent governing the court's application of this statute is *In re Jordan*, 521 F.3d 430 (CA4 2008), which instructs that in determining whether a debtor has "refused" to obey an order of the court,

> the Court must find that the Debtors' lack of compliance with the relevant court order was willful and intentional. . . . The party objecting to discharge satisfies this burden by demonstrating the debtor received the order in question *and failed to comply with its terms*. . . . Such a showing then imposes upon the debtor an obligation to explain his non-compliance.

*Jordan* at 433 (citations omitted) (emphasis added).

The court does not view the particular Order in this case as being the appropriate subject of an action under §727(a)(6). The Order contains no "terms," *cf. Jordan* at 433, and does not order Debtors to obey anything. Had the United States Trustee obtained an order compelling Debtors' compliance with the OGRR, Count II might obtain, but there is no such order in this case.[1] The OGRR do not, in and of themselves, represent an order of the court. The court's denial of Defendants' Cash Management Motion does not transform the OGRR into a court order or create duties by negative implication.

Based on the foregoing, the court shall issue an order denying Plaintiff's motion and granting Defendants' Cross-Motion on Count II of the Complaint.

cc:	Debtors
	Debtors' Counsel
	United States Trustee
	Chapter 7 Trustee

## END OF MEMORANDUM

---

[1] The court notes that the issues raised by Plaintiff in Count II most often arise early in the Chapter 11 phase of a case in the context of the United States Trustee's motion to appoint a Chapter 11 trustee pursuant to 11 U.S.C. §1104(a) or to convert the case to a case under Chapter 7 pursuant to 11 U.S.C. §1112(b).

Ver. `12.09